Williams, J.
—Defendant’s counsel suggests the complaint was defective, but no such question appears to have been raised at the trial. At the close of the plaintiff’s evidence, defendant moved to dismiss the complaint on the same *592 grounds on which the motion was made at the opening of the case, but there does not appear to have been any such motion made at the opening of the case, or any grounds there stated.
There having been no exception to the referee’s findings of fact, and no motion for a non-suit at the close of the whole evidence, and the case and exceptions not showing they contain all the evidence given upon the trial, it is very doubtful whether the defendant is in a position to question the correctness of the findings of fact in the referee’s report. Even if the motion, at the close of the plaintiff’s evidence, was improperly denied, the evidence subsequently given may have cured this error, and upon the whole evidence no question was made but that the facts were correctly found by the referee in his report. But, assuming the correctness of the findings of fact by the referee to be fairly involved, and all the evidence given upon the trial bearing upon the question of fact, to be included in the case and exceptions, we are of the opinion the findings are warranted and supported by the evidence.
There seems to be no doubt but that the money was delivered to, and received by, the defendant. The plaintiff claimed, as to the $1,700, that it was to be invested in bond and mortgage, while defendant claimed it was to be loaned to his (defendant’s) father. The evidence upon this subject was conflicting. The referee found in favor of the plaintiff and we see no reason to disturb such finding. It is conceded that defendant did not loan the money on bond and mortgage, but delivered it to his father, taking no security of any kind for it, not even a note or memorandum in writing of any kind. This was unauthorized and without any authority whatever, under the finding of fact above referred to, and constituted a conversion of the money. So that the finding of the referee that defendant wrongfully converted this money, or $1,600 of it, to his own use, was correct and should not be disturbed. It does not seem to be disputed, but that defendant collected the $609.85, and that he had never paid plaintiff, before this action was commenced, $54.67 of this money which belonged to her. It is suggested by defendant’s counsel there was no evidence to sustain the referee’s finding that the plaintiff demanded payment of the moneys before action commenced, but it seems to us the evidence upon this subject, though conflicting, was abundantly sufficient to warrant and support the finding.
A demand was only necessary as to the small amount not paid over to the plaintiff of that collected, because a conversion of the $1,600 was fully established, by proof of a delivery of it to the father, contrary to plaintiff’s instructions *593 and without her authority. A note was given by defendant to plaintiff for the whole or some part of the money, and it is insisted by defendant’s counsel this was a settlement of the conversion, if any existed, and the only remedy thereafter was upon the note, as for a debt; that the conversion was no longer actionable. There does not seem, however, to have been any evidence, the note was agreed to be accepted in payment or satisfaction of the cause of action for conversion, which the plaintiff therefore had; and in the absence of such an agreement, the giving of the note did not destroy the cause of action for conversion. Person v. Civer, 29 How. Pr., 432.
It is said plaintiff acquiesced in the loan of the money by defendant to his father, and ratified the same. We do not so understand the evidence. A neglect to bring an action cannot be regarded an acquiescence in, or a ratification of, the wrongful disposition of the moneys, and the plaintiff seems to have been all along seeking the money from defendant, and not from his father.
We think there was no error in the findings of fact by the referee, and upon these facts so found the conclusions of law follow as of course. The case was very properly disposed of by the referee. The defendant was an attorney and counsellor at law. The plaintiff, an elderly woman, who confided in defendant and intrusted her money to his care. It would have been a great wrong to permit defendant to escape liability in the action upon the claim he had delivered it to his father, and that by her direction, the father very soon after proving to be overwhelmingly insolvent. The transaction impresses us as a very patent attempt to swindle the plaintiff .out of her money. We do not look with favor upon such defenses interposed by attorneys and counselors at law. They should he held to strictly honest dealings with their clients. There seems to have been no errors in the reception or rejection of evidence by the referee. Mrs. Covert was not a necessary party to the action. The evidence shows the plaintiff delivered the $1,700 to defendant to invest, and the referee so finds. Mrs. Covert was a witness, and fully examined upon the trial, and made no claim to the moneys. The referee allowed a recovery of only plaintiff’s one-half of the money which was retained by defendant from the moneys collected for both, and never paid over to the woman at all.
The judgment should be affirmed, with costs.
Learned, P. J., and Landon, J„, concur.